## SIMON DONNELLY *vs.* CITY OF FALL RIVER.

Bristol.    Oct. 25, 1881. — March 2, 1882.    MORTON, C. J., W. ALLEN & C. ALLEN, JJ., absent.

A notice to a city that a person has been injured by a defect in a highway sufficiently describes the "time" of the accident, within the St. of 1877, c. 234, § 3, by naming the day, in the absence of evidence that anything depended upon the nature of the defect or upon the particular hour of the accident.

In an action against a city for personal injuries occasioned to the plaintiff by falling over a gas-pipe in a highway, a witness for the defendant, who was present at the time of the accident and made a measurement of the pipe, testified that he had been in the employ of a gas company for several years, and that he had charge of this particular pipe. He was asked on cross-examination, "What became of the pipe over which the plaintiff fell?" The judge, against the defendant's exception, admitted the question and answer, ruling "that the acts of the witness were not competent by way of admission or otherwise upon the issue whether or not the gas-pipe was an obstruction, but that the plaintiff was only entitled to the evidence to show what had become of the pipe, and to explain the plaintiff's failure to produce more accurate measurements of the height of the pipe above the ground, concerning which the estimates of the witnesses were variant." *Held,* that the defendant had no ground of exception.

TORT for personal injuries occasioned to the plaintiff by a defect in Pleasant Street in the defendant city. After the former decision, reported 130 Mass. 115, the case was tried in the Superior Court, before *Pitman,* J., who allowed a bill of exceptions, in substance as follows:

The notice given by the plaintiff to the city stated that, on December 20, 1878, the plaintiff fell upon the sidewalk in Pleasant Street in consequence of his foot being caught by a gas-pipe projecting above said sidewalk, whereby he was injured. The defendant objected to the sufficiency of the notice only on the ground that it did not sufficiently state the time of the injury. The judge ruled that the time was sufficiently stated.

The defect alleged and relied upon was a perpendicular gas-pipe used for pumping out water from the underground main. It was in the middle of the sidewalk, projecting above the level of the cinders and ashes with which the sidewalk was built some distance, which the plaintiff and his witnesses stated at one to three inches. It had an iron cap over it, and was about six inches in diameter. The plaintiff while going to his work at a mill on Pleasant Street, at ten minutes before six on December 20, 1878, struck his foot against this pipe and fell, causing the injury complained of. He offered the evidence of himself and others that it was dark at the time. The plaintiff had often seen and noticed the pipe before.

The defendant asked the judge to instruct the jury as follows: " 1. The notice was insufficient in law, because it did not specify sufficiently the time of the accident. 2. If the jury find the alleged defect was of such a nature as to be more dangerous in darkness than in light, or that the duty of care resting upon the plaintiff in respect to it would be different in the darkness from what it would be in the light, then the notice was insufficient. 3. The description of the defect in the notice given, and relied upon and asserted by the plaintiff at the trial, is such that the time of day would be an important, though not conclusive, element in considering the plaintiff's case, and also the extent of danger imputable to the alleged defect; and therefore the notice was insufficient for want of better specification of the time of the accident." The judge declined so to rule.

The defendant offered in evidence the deposition of Henry A. Gray, the material portions of which appear in the opinion. " When the reading reached the cross-interrogatories 1st, and 1st in re-cross, the defendant objected to them and to the answers, and before proceeding exhibited question and answer to the 1st cross-interrogatory to the court." The plaintiff contended that they should be read to the jury, and the judge so ordered, ruling " that the acts of Gray were not competent by way of admission or otherwise upon the issue whether or not the gas-pipe was an obstruction, but that the plaintiff was only entitled to the evidence to show what had become of the pipe, and to explain the plaintiff's failure to produce more accurate

measurements of the height of the pipe above the ground, concerning which the estimates of the witnesses were variant." The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. M. Stetson*, for the defendant.

*G. Marston*, (*J. W. Cummings* with him,) for the plaintiff.

LORD, J. The only objection to the notice now taken is that it does not specify the time with sufficient precision. We think this objection not well taken. It has been said, indeed, that under some extraordinary circumstances it might be that not only the time but the cause of the injury ought to be stated with unusual definiteness. *Larkin* v. *Boston*, 128 Mass. 521, 522. But there is nothing in this case to show that anything depended either upon the precise height or form of the obstruction, or upon the particular hour of the occurrence. The ruling of the presiding judge that the facts in this case did not require a more specific statement of the time was correct.

The other question raised in the case presents some peculiarities, but they relate rather to matters of practice than to any rule of law. The deposition of Henry A. Gray was offered in evidence by the defendant. The bill of exceptions cannot state the objection and the mode in which it was presented with exact accuracy. The language is, " when the reading reached the cross-interrogatories 1st, and 1st in re-cross, the defendant objected to them and to the answers, and before proceeding exhibited question and answer to the 1st cross-interrogatory to the court." It seems apparent, therefore, that what took place before the court took place when, in reading, the first cross-interrogatory was reached; and the bill of exceptions speaks only of that interrogatory as having been shown to the court. At that crisis, probably, it was that the attorney for the plaintiff interposed, and demanded that the reading of the deposition should be continued before the jury, and that the paper should not be privately exhibited to the judge. How far the judge has a discretion to require that everything which takes place in the trial of a cause shall be in open court, and to require of counsel to retain their positions within the bar and submit every question orally and openly to the court, it is not necessary in this case to inquire.

It does not appear that any interrogatory was presented to the inspection of the judge except the first cross-interrogatory. The deposition was taken and offered in evidence by the defendant, and the deponent testified that he had been employed by the gas company for several years; that he had charge of this particular pipe; that he was present with the plaintiff and saw him backed up against a fence, within a few minutes after the time of his injury, "put him into a wagon, and sent a boy home with him;" that it was between daylight and dark, but light enough to recognize people two hundred yards off. To this witness the cross-interrogatory was propounded, "What became of the pipe over which Donnelly fell?" and this interrogatory was clearly competent. It was in cross-examination of an adverse witness, in the employment of a party which he might suppose to be ulteriorly liable for the damages recovered in this action, and a witness whose testimony tended to show a personal hostility to the plaintiff; for he testified to a similar lameness in the plaintiff several years ago, and that at that time, familiarly addressing him by his Christian name, he asked the cause of that injury, which the plaintiff told him he received in "wrestling in a cellar;" and that he had been in the habit of seeing him "pretty much every day," but had not spoken to him for "some two or three years."

To such a witness, on cross-examination, immateriality of evidence asked for is not a valid objection to its admission. The utmost that can be said in relation to this inquiry is that it is immaterial, although, as suggested by the presiding judge, it might be of very great importance, especially after the testimony of this witness that he was present at or about the time of the injury, and immediately made a measurement of the height and circumference of the obstruction, upon which the plaintiff might not have been able to offer any evidence.

As to the first re-cross-interrogatory, the circumstances under which it was submitted do not appear. It is the duty of the excepting party to make it plain that there was error. This bill of exceptions does not show that, after the interruption when the first cross-interrogatory was reached, any other suggestion in relation to the competency of the first re-cross-interrogatory was made to the presiding judge. Apparently, the attorney

remained in his place within the bar, and read continuously the remainder of the deposition, including this interrogatory. Upon the questions what became of the pipe, and why a particular disposition was made of it, this witness having taken it up, and having made some disposition of it, great latitude of discretion must be allowed in the presiding judge; for not only is it competent to test the accuracy of a witness, but his honesty; and even if the presiding judge had, having his attention called to it, ruled that the first re-cross-interrogatory was competent, we are not prepared to say that any conduct of a witness standing as this witness did, having reference to the subject matter involved in the suit, was not competent for the purpose of testing the credit of the witness. But we are not called upon to decide that question. The instructions given to the jury in relation to the evidence elicited by those two inquiries were ample, and entirely correct. It is immaterial in what manner that evidence happened to be introduced, whether by inadvertence or otherwise; its legal effect is to be pointed out by the presiding judge. Not only are the jury presumed in law to regard as authoritative the instructions of the court, but practically and in fact they do so regard them.

On looking at the bill of exceptions, we find that the presiding judge ruled distinctly that the "acts of Gray were not competent by way of admission or otherwise upon the issue whether or not the gas-pipe was an obstruction;" and then proceeded to limit the purposes for which they might be used, of which limitation it is sufficient to say that it was as favorable to the defendant as the law would warrant. How far they might be used to affect the credibility of the deponent, we have, as before stated, no occasion to inquire. *Exceptions overruled.*