[No. 9035. Department One. December 1, 1910.]

PETE NELSON, *Appellant*, v. BALLARD LUMBER COMPANY, *Respondent*.[1]

MASTER AND SERVANT—NEGLIGENCE—PLEADING—ISSUE. The failure to prove one particular ground of negligence by a master is not ground for nonsuit, where the injury resulted from a combination of various acts, which combined might be negligent, although none of the acts considered alone were negligent.

MASTER AND SERVANT—NEGLIGENCE—METHODS OF WORK—LOADING LOGS—EVIDENCE—SUFFICIENCY. There is sufficient evidence of negligence in adopting an unsafe method of work to make a question for the jury, where it appears that a train of logs was moved forward by attaching the loading chain to a log attached to the bunker of the car, and that this pulled up the bunker and load, causing loose logs on top of the load to roll down upon the plaintiff, who had been ordered by the foreman to go under the car to block a wheel.

SAME—PLEADING. Such negligence is sufficiently charged in a complaint alleging that the defendant ordered the car moved forward, and adopted a careless and negligent manner of doing so, detailing the condition of the car and the manner of moving it; especially on motion for a nonsuit.

SAME—CONTRIBUTORY NEGLIGENCE—RELIANCE ON ORDERS. An employee engaged in loading cars does not assume the risks and is not guilty of contributory negligence in obeying a specific command of the foreman to go under a car to block the wheels, when the same was moved forward in a negligent manner by a cable attached to a log, which tipped the load onto him; since the dangers were not so open and apparent that no man of ordinary prudence would have obeyed the specific order given.

Appeal from a judgment of the superior court for King county, Albertson, J., entered June 25, 1910, granting a nonsuit, in an action for personal injuries sustained by an employee engaged in loading logs.   Reversed.

*Heber McHugh* and *John T. Casey*, for appellant.

*Hughes, McMicken, Dovell & Ramsey*, for respondent.

[1]Reported in 111 Pac. 882.

RUDKIN, C. J.—This was an action to recover damages for personal injuries. At the close of the plaintiff's testimony, the court directed a judgment of nonsuit, from which this appeal is prosecuted.

The facts disclosed by the appellant's testimony are substantially as follows: At the time of receiving the injury complained of, the appellant was in the employ of the respondent as a member of a loading crew, engaged in loading logs from a landing onto the cars. The crew consisted of an engineer, a fireman, the foreman, the appellant and a fellow workman of the appellant. The logging cars consisted of two sets of trucks, with bunkers extending across between the wheels, upon which the logs were placed. The logs were loaded by means of a wire cable, extending from the engine through a block on a spar tree, and thence through a second block suspended on a guy wire immediately above the car to be loaded. A single tier of logs was first placed on the bunkers and bound down by chains, and the remainder of the load was placed on top of these, without any binding to hold the top logs in place.

The crew had loaded the bunker tier of logs and chained them down, and had placed two or three loose logs on top, when it became necessary to move the car forward about thirty feet to take up and load a large log which had been landed at that place. For the purpose of moving the car forward, the foreman and the fellow workman of the appellant attached the loading cable to one of the bunker logs which extended beyond the others. The foreman then directed the appellant to loosen the brakes on the car and block the wheel on the rail, as soon as the car was pulled forward to the desired point. After the brakes were loosened, the foreman signalled the engineer to go ahead, and when the car reached its destination, a second signal was given to hold the car hard or fast until the wheels were blocked. The appellant went under the side of the car to block the wheel, and while there the strain on the cable, which was evidently pulling upwards, raised the log

to which the cable was attached from the bunkers; and with it, the binding chains, thus causing one of the loose logs on top of the load to roll from the car, resulting in the injury complained of.

The work of loading the car was under the immediate supervision of the foreman, and it was his duty to so conduct the loading operations that no injury would befall the men under him, in so far as this could be done by the exercise of reasonable care. The nonsuit seems to have been directed on the theory that the negligence charged in the complaint was that,

"The defendant carelessly and negligently gave a signal to the engineer of said engine to go ahead quickly; that, in obedience to said signal, 'said engineer started the engine ahead quickly, whereby the log to which said cable was fastened was caused to move suddenly and with great force against the said chain, and caused the same to be lifted upwards against the said logs lying on the top of said chain and negligently and carelessly threw one of said logs off said car, and caused the same to roll from said car and down and upon said plaintiff, whereby he received the injuries hereinafter complained of and described;"

that this particular ground of negligence was not sustained by the testimony, and that, if any other negligence was shown, it was not within the allegations of the complaint.

If the court below was correct in its construction of the pleadings, its conclusion might logically follow; for it cannot be said that any single act committed or directed by the respondent through its foreman was negligent in itself, when disassociated from all other facts in the case. The method employed in loading the logs onto the cars, by placing loose logs on top of the tier chained to the bunkers, was usual and customary, and was not in itself negligent. The act of pulling the car forward by means of the loading cable was also usual and customary, and was not necessarily or inherently dangerous. The act of signalling the engineer to go ahead and to hold the car fast until the wheels were blocked was

usual and necessary, and the act of directing the appellant to block the wheel was free from negligence, if the place was reasonably safe.

But we cannot consider these several acts separately and without reference to others. The method of loading might be reasonably safe for one purpose, but not for another; pulling the car forward by means of the loading cable might be safe under some circumstances, and exceedingly hazardous under other circumstances; and so with the signalling and the blocking of the wheels.. And we think the jury might well find from the testimony in this case that the method employed by the respondent in pulling the car forward and blocking the wheels was not reasonably safe, under the circumstances disclosed by the record. The cable attached to the log pulled upward; and if the strain on the cable became sufficient, the log to which the cable was attached would unavoidably be raised from the bunkers, and if the log was raised, the binding chains would necessarily raise with it, and this would naturally, if not necessarily, cause the loose logs on top to roll from the car.

We think, also, that such negligence is sufficiently charged in the complaint, especially where the objection is first presented on a motion for a nonsuit. The complaint alleged in its third paragraph, "that said defendant ordered said car moved forward to said log and adopted a careless and negligent manner of moving said truck forward, in this, . . ." Here follows a detailed statement of the condition of the car, and the manner in which it was pulled forward.

Nor do we think that the appellant assumed the risk or was guilty of contributory negligence as a matter of law. He was acting under the immediate supervision of the foreman at all times, and it was the primary duty of the latter to look after his personal safety. While the appellant observed, in a general way, the manner in which the work was done, it cannot be said, as a matter of law, that he was cognizant of, and fully appreciated, the dangers of the situation, especially

dangers arising from the negligence of his employer. The appellant was acting at the time of his injury in obedience to a specific command of the master, and would not be guilty of contributory negligence unless the dangers of the situation were so open and apparent that no man of ordinary prudence would have obeyed the master's command. *Withiam v. Tenino Stone Quarries*, 48 Wash. 127, 92 Pac. 900, and cases cited. No such case is here presented.

The judgment is therefore reversed, and the cause is remanded for a new trial.

FULLERTON, GOSE, PARKER, and MOUNT, JJ., concur.