[No. 10624.   Department One.   January 7, 1914.]

MARTIN MAGNUSON, *Respondent*, v. J. V. MACADAM *et al.*,
*Appellants*.[1]

APPEAL—BRIEFS—TIME FOR SERVICE. A motion to strike respondent's brief, because filed out of time, will be denied when it was filed before the motion was made, and in time for service of a reply brief before the hearing.

MASTER AND SERVANT—ASSUMPTION OF RISKS—CONTRIBUTORY NEGLIGENCE—OBEDIENCE TO ORDERS. A laborer on street paving work does not assume the risk, and is not guilty of contributory negligence, in obeying the order of a foreman to hold the tongue and attempt to guide a concrete mixer, which it was supposed could be moved under its own power, but which could only be moved by a team, where he was not familiar with the machine; since it was the duty of the foreman to look out for his safety and he had a right to rely upon the orders and superior knowledge of the foreman.

APPEAL—REVIEW—HARMLESS ERROR—EXPERT EVIDENCE.. In an action for personal injuries to a laborer, injured in attempting to move a concrete mixer under its own power while plaintiff was holding the tongue, it is not prejudicial error to admit expert evidence of a mechanical engineer to show the force tending to move the tongue from side to side, where his competency was not questioned and objection was not made below to lack of evidence as to controlling conditions.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $4,500 is excessive and should be reduced to $2,500, where plaintiff claimed that his left ankle was severely sprained and the instep broken down, which at times becomes swollen and prevents work at hard manual labor, and it appears that he continued at work for some days, and the evidence as to the extent of the injury was conflicting.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 25, 1912, upon the verdict of a jury rendered in favor of the plaintiff for the sum of $4,500, in an action for personal injuries sustained by a laborer in street grading work. Reversed, unless $2,000 is remitted.

[1]Reported in 137 Pac. 485.

*Alex Dickinson,* for appellants.

*Martin J. Lund,* for respondent.

CROW, C. J.—Action by Martin Magnuson against J. V. MacAdam and Vincent L. MacAdam, copartners, to recover damages for personal injuries. From a verdict and judgment in plaintiff's favor, defendants have appealed.

Appellants have moved this court to strike respondent's answering brief for the reason that it was not served and filed within thirty days after the service of appellants' opening brief. While it is true that the answering brief was served and filed about fifty-nine days after service of appellants' opening brief, the record shows that it was served and filed before the motion to strike was interposed; that no delay in placing the cause on the calendar resulted; and that appellants had ample time within which to prepare, serve, and file their reply brief prior to the hearing of the argument on appeal. Under these circumstances the motion to strike will be denied.

Appellant's principal assignment is that the trial court erred in denying their motions for a nonsuit, for a directed verdict, and for judgment notwithstanding the verdict. Respondent was a common laborer, employed by appellants, who, as contractors, were engaged in grading and paving certain streets in the city of Seattle. Appellants brought to the work for use thereon a machine known as a concrete mixer, which weighed several tons, was operated by steam, and was supposed to have been so constructed that it might be propelled by its own motive power, although it was not equipped with any steering apparatus or appliances. The machine was mounted on wheels, the two hind wheels being on a stationary axle, while the front wheels were on an axle which worked upon a pivot. A tongue, to which horses might be hitched, was attached to the front axle in such a manner that it would move sideways only as the front axle was turned or moved.

Respondent's evidence, and that of his witnesses, shows that, on the day of the accident, appellants' foreman desired to have the concrete mixer moved by its own power; that it was located on a concrete base of the unfinished street, which was somewhat rough or uneven; that the foreman ordered respondent and one other employee to take hold of the tongue and guide the machine while it was being moved; that respondent, who was unaware of the danger which he would thus incur, obeyed the order; that when the steam power was applied, the machine refused to move forward; that it went backward for a few inches, striking a pebble or some other obstruction, which caused the tongue to swing around and strike respondent with great violence, throwing him down and inflicting the injuries of which he complains, and that the force with which he was struck was greater than he could resist.

Respondent insists that appellant was negligent in failing to provide him with safe appliances, and a safe place in which to work; while appellants, in support of their motions, contend that all dangers incident to respondent's employment were open and obvious, or by the exercise of ordinary care and prudence could have been known to him, and that he assumed the risk of such dangers.

There was evidence that respondent had no knowledge of machinery, and that he did not know or appreciate the danger of the work in which he was engaged. Appellants were of the opinion that the mixer could be moved by its own power, but were mistaken. It was their duty to know the functions and fitness of the machine, and to appreciate the dangers to which its ordinary operation and use might subject their employees. The evidence, without contradiction, shows that the machine could only be moved by using a team of horses, and that the force applied to the tongue when the front wheels turned, would be so great as to render it impossible for the respondent and his fellow servant to hold, control, or guide it. Respondent had a right to rely upon the

orders and superior knowledge of the foreman, who represented appellants. In *Kundsen v. Moe Brothers*, 66 Wash. 118, 119 Pac. 27, we said:

"As an employee, it was appellant's duty to obey the foreman's orders, unless they were so manifestly dangerous that a prudent man in the exercise of due caution would refuse to obey. A servant's obedience to the master's orders is an absolute necessity to the successful conduct of any industrial occupation. His refusal might deprive him of employment and means of livelihood. Ordinarily a servant yields his judgment to the superior judgment and discretion of the master. If he does, and is injured by reason of his obedience to the master's orders, it will ordinarily become a question for determination by the jury, in such an action as this, whether the danger of obeying the order was so imminent and hazardous as to charge the servant with contributory negligence and preclude him from recovering damages."

The evidence shows that the attempt to move the machine by its own motive power was under the immediate supervision of appellants' foreman, and that respondent acted in obedience to his specific orders. It was the foreman's duty to look after respondent's safety. This being true, respondent did not assume the risk, nor can he be held guilty of contributory negligence, as a matter of law. *Etheridge v. Gordon Const. Co.*, 62 Wash. 256, 113 Pac. 639; *Nelson v. Ballard Lumber Co.*, 60 Wash. 690, 111 Pac. 882; *Witham v. Tenino Stone Quarries*, 48 Wash. 127, 92 Pac. 900. The trial court committed no error in denying appellants' motions for a nonsuit, an instructed verdict, or judgment notwithstanding the verdict.

Appellants further contend that the trial court erred in admitting the expert evidence of a mechanical engineer, for the purpose of showing the force with which the tongue of the machine would move from side to side. The purpose of this evidence was to show whether it would be possible for respondent to hold the tongue and guide the machine as directed by the foreman. No question was raised as to the

competency of the witness. Appellants now insist that the amount of steam applied to the engine was not shown, and that the expert should not have been permitted to testify to the force which would be exerted without considering the amount of steam involved. This objection was not raised at the trial, but is presented for the first time in this court. The expert undoubtedly took all controlling conditions into consideration. We conclude that no prejudicial error was committed in admitting his testimony.

Some objections are raised to instructions given and refused, which we find to be without merit. The instructions given fully and accurately stated the law applicable to the issues and evidence.

By their remaining assignment of error, appellants contend that the verdict is excessive. This contention must be sustained. Respondent contended that, when he was thrown down, he received a severe sprain in his left ankle, and that the arch or instep of his left foot was also injured. There was evidence showing that he continued work for some days. He insists that the work he then did was of a very light character. There was also evidence to the effect that he now suffers with what is ordinarily known as a flat foot. In other words, that the instep of his left foot is broken down and much weakened, and that at times it becomes swollen so as to prevent respondent from working at hard labor. Although the evidence as to the extent of his injury and his chances for a recovery was conflicting, we are, nevertheless, of the opinion that the verdict was excessive. At the time of passing upon appellants' motions for a new trial and for judgment *non obstante*, the trial judge was informed by appellants that they would appeal this case in any event, if their motions were denied. Thereupon, the trial judge in substance stated that he would not pass upon the amount of the verdict to determine whether it was excessive, but would permit that question to come before this court in connection with other questions that might be raised on an appeal. It was

the duty of the trial judge to pass upon appellants' contention that the verdict was excessive. His position indicates an impression or belief on his part that the verdict was excessive. We are convinced that it was, and conclude that the respondent must either consent to a reduction, or submit to a new trial.

It is ordered that, if within thirty days after the filing of the remittitur herein, the respondent shall file his written consent to accept a judgment in the sum of $2,500, with interest from the date of trial, that judgment for that amount be entered in his favor against appellants and the surety on the supersedeas bond. It is further ordered that, in the event of his failure to make such an election within the time named, a new trial be granted. Appellants will recover their costs in this court.

GOSE, MOUNT, PARKER, and CHADWICK, JJ., concur.