[No. 15186. Department Two. May 1, 1919.]

DORA C. TITUS, *Respondent*, v. THE CITY OF MONTESANO,
*Appellant*.[1]

DAMAGES (120)—DISCOVERY (11)—PHYSICAL EXAMINATION. In an
action for personal injuries, it is not error to refuse a physical
examination of the plaintiff, before any issue had been framed as
to the extent of the injuries or any showing made as to the neces-
sity therefor, in view of Rem. Code, § 1230-1, providing that the
court "may" order such an examination, as the statute is not
mandatory.

MUNICIPAL CORPORATIONS (566) — CLAIMS — PRESENTATION AND
FILING. A claim against a city for personal injuries describing the
defect as a "loose board . . . on sidewalk" on the east side of
R. street between B. and S. streets, near the corner of B. and R.
streets, is sufficiently definite.

SAME (566)—CLAIMS — SUFFICIENCY OF NOTICE — DESCRIPTION OF
INJURY. A claim against a city "reasonably described the injury"
where it is stated to be "Fracture of arch of foot."

SAME (566)—CLAIMS—STATEMENT OF RESIDENCE. A claim against
a city for personal injuries sufficiently states the claimant's resi-
dence for the six months last past, where it states she resided in
M. for five months and twenty days and in S. for fifteen years prior
to her injury.

SAME (570) — CLAIMS — PRESENTATION AND FILING. Rem. Code,
§ 7998, requiring claims against a city of the third class to be pre-
sented to the city council and filed with the city clerk within thirty
days is complied with by filing the same with the city clerk; since
the city council is not required to meet oftener than once in each
month, no time for meetings is fixed, and regular meetings cannot
be held oftener than once in each week.

SAME (442) — DEFECTS IN STREETS — CONTRIBUTORY NEGLIGENCE —
KNOWLEDGE OF DEFECTIVE SIDEWALK. In an action for personal in-
juries sustained through the defective condition of a sidewalk, it
cannot be said that the plaintiff was guilty of contributory negli-
gence in using a plainly dangerous walk, where it was not shown
that she knew of the particular defect which caused the injury.

SAME (567)—CLAIMS—VARIANCE BETWEEN NOTICE AND PROOF. A
variance in that notice of a claim against a city stated that the
injuries were received on the 16th of the month, and the proof was

[1]Reported in 181 Pac. 43.

that it occurred on the 18th or 19th is not fatal, where it was not shown to have misled the city officers to their prejudice, they having made no investigation whatever.

DAMAGES (84)—EXCESSIVE DAMAGES—INJURIES TO FOOT. A verdict for $975 damages sustained in the fracture of the arch of the foot cannot be said to be excessive.

Appeal from a judgment of the superior court for Grays Harbor county, Chapman, J., entered July 16, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort, after a trial on the merits. Affirmed.

*O. M. Nelson,* for appellant.

*W. H. Abel,* for respondent.

FULLERTON, J.—The respondent was injured by a fall upon the sidewalk of the appellant city. Within thirty days after receiving the injury, she prepared and filed with the city clerk a written claim for damages. No action having been taken thereon by the city council within sixty days following the presentation of the claim, the respondent brought the present action to recover for the damages suffered. After the service of the summons and complaint upon the city, it appeared through its attorney, and moved the court to require the complaint to be made more definite and certain by setting forth therein whether the respondent had been permanently injured by the accident for which she sued; and "for an order directing the plaintiff to submit to a medical examination for the purpose of determining the extent of her alleged injury and for the purpose of qualifying the witnesses of defendant to give testimony in said cause." The motion was denied by the court, whereupon the city demurred generally to the complaint; which being overruled, it answered, putting in issue the material alle-

gations of the complaint and setting up affirmatively contributory negligence on the part of the respondent. Issue was joined on the affirmative plea in the answer, and a trial had to a jury, which resulted in a verdict and judgment in favor of the respondent for the sum of $975.

The appellant first assigns error on the ruling of the court denying its motion for a physical examination of the respondent. The statute relating to such examinations is found at § 1230-1 of the code (Remington's). It provides that,

"On or before the trial of any action brought to recover damages for injury to the person, the court before whom such action is pending may, from time to time, on application of any party therein, order and direct an examination of the person injured as to the injury complained of by a competent physician or physicians, surgeon or surgeons, in order to qualify the person or persons making such examination to testify in such cause as to the nature, extent and probable duration of the injury complained of."

This statute is not mandatory. It provides that the court "may . . . order and direct" a physical examination, and leaves something to the discretion of the court. When the motion was made in this instance, no issue had been framed as to the extent of the respondent's injuries, and no showing as to the necessity for such an examination accompanied the motion. It was not the purpose of the statute to needlessly harass a litigant, and unless it is shown that some necessity exists for the examination at the time the application is made, the appellate court cannot say it is an abuse of discretion to deny it.

The second assignment is that the court erred in overruling the demurrer to the complaint. The objection is to the claim which was referred to in the com-

plaint and attached thereto as an exhibit. It is objected, first, that the claim does not accurately locate and describe the defect that caused the injury, or reasonably describe the injury. The notice locates the place of the injury as the east side of River street, Montesano, between Broad street and Spruce street, near the corner of Broad and River streets; it describes the defect as "Loose board . . . on sidewalk"; and the injury as "Fracture of arch of foot." We think this sufficiently definite. It would be hard to locate the place of the injury more definitely, unless actual measurements were taken, and we can hardly think the statute requires this.

As to the description of the defect, it is objected that a loose board on the sidewalk, forming no part of it, would answer the description, and it is asserted that such a defect would not create liability against the city. We cannot think this a proper interpretation of the language of the claim. The natural inference arising from the language used is that the defect was a loose board forming a part of the surface of the sidewalk, rather than a board in the condition supposed. But the statute requiring the presentation of claims for personal injuries as a condition precedent to a right of action, as we have said on other occasions, was not intended as a snare. It has a legitimate, not a meretricious, purpose. The purpose of the law, as we said in *Born v. Spokane,* 27 Wash. 719, 68 Pac. 386, "is to protect the municipality from fraudulent claims, by enabling its officers not only to examine the *locus in quo,* to see if the city had been negligent, but to obtain witnesses and procure testimony . . . and generally to investigate the demand while it is fresh and while evidence is obtainable . . ."; and further, that "a reasonable compliance with its terms is all

that can be demanded." The city could not have been misled by the description given in the notice before us. Had its officers examined the sidewalk at the place described, they could have ascertained whether the injury complained of was the result of a neglect for which the city was liable; they could have found out whether it was a loose board forming a part of the surface of the sidewalk or some other matter that caused the injury. The notice, therefore, gave them the information the statute intended they should have, and thus reasonably complied with the requirements of the statute. In saying this, however, we do not wish to be held as subscribing to the doctrine that no liability would arise against the city even though the injury was caused by a loose board lying on and not forming a part of the sidewalk. Liability or nonliability in such a case would depend on circumstances not necessary to discuss here.

The statute requires the notice to "reasonably describe the injury." To say that the injury was a fracture of the arch of the foot is such a reasonable description, although it may not be technically accurate from a surgeon's point of view.

A further objection to the notice is that it does not give the residence of the claimant for six months last past. The notice stated that the claimant had resided in Montesano for five months and twenty days and in Seattle "15 years prior thereto." It is said that this "amounts to saying that she lived in Montesano five months and twenty days and in Seattle fifteen years prior to her injury," and that, "we are not concerned where she lived fifteen years ago." Manifestly, this interpretation of the language used is strained. Clearly its natural interpretation is that the claimant lived in Montesano for five months and twenty days

prior to her injury and in Seattle for the fifteen years prior to her residence in the first named place.

The statute (Rem. Code, § 7998) provides:

"All claims for damages against any city or town of the second, third or fourth class, must be presented to the city or town council and filed with the city or town clerk within thirty days after the time such claim for damages accrued: . . ."

The city of Montesano is a city of the third class, and is thus one of the cities to which the statute is applicable. The respondent simply filed her claim with the city clerk within the thirty days, and the appellant contends this was not a compliance with the statute. The statute is so worded as to lead to the inference that the presentation of the claim to the city council and its filing with the clerk are separate and distinct acts, each to be performed by the claimant, yet we cannot think this its meaning. To so construe it, is to make other of its provisions inapplicable. By the terms of the statute relating to the government of cities of the third class, the city council is not required to meet oftener than once in each month. Manifestly, therefore, the council may meet as often as the statute requires, and at a regular appointed time in each month, yet there may be more than thirty days between certain of such meetings. In such instances, a claim for damages could accrue to a person with no opportunity to present it to the city council within the statutory period.

Again, the statute fixes no time in the month at which the council shall meet, but leaves this time to be appointed by the council itself. For the council to appoint its time of meeting for the first Monday in the first month, the third Monday in the second month, and so on alternating throughout the year, would be

within its powers; yet manifestly, in such a case, there would be a period in every other month in which a claim for damages might accrue and no opportunity afforded to present it to the council within the thirty days. It will not do to say that the claim might be presented to the individual councilmen while not in session. The council is a body composed of the individual councilmen sitting together as a council; the individuals apart from each other and away from the meeting place do not constitute the council.

Again, the statute regulating the meetings of the council provides that regular meetings shall not be held oftener than once in each week. In view of this regulation, to say that the statute means that a claim must be presented to the council while sitting, is to deny the claimant the benefit of the thirty-day period in which to present a claim, since it would be by the merest chance that a meeting of the council would be held precisely at the termination of that period. Moreover, the clerk is the channel of approach to the city council. By the statute he is the keeper of their records and the recorder of their proceedings, and through him ordinary claims against the city are usually presented for audit and allowance. It would seem, too, that, if the suggested meaning is the true meaning of the statute, it would be difficult of compliance with literally. Claims for personal injuries must be in writing and verified by the claimant, and it is the verified writing that must be presented. While the word "present" used has other meanings, in this instance it means to hand to and leave with; that is, when the claimant presents his claim he parts with its possession. It is difficult to see how a claimant, after thus presenting his claim to the city council, could reclaim it for filing with the city clerk. For

these and for other reasons that might be suggested, we think the legislature meant nothing more by the somewhat peculiar phraseology used than that the claimant must present his claim for filing with the city clerk within the thirty days.

We are not without authority for the foregoing view of the statute. The city of Spokane at one time contained a provision in language similar to the language of the statute. We held in *Durham v. Spokane,* 27 Wash. 615, 68 Pac. 383, that presentation to the city clerk was a compliance with the charter. See, also, *Roberts v. Village of St. James,* 76 Minn. 456, 79 N. W. 519; *Nicol v. City of St. Paul,* 80 Minn. 415, 83 N. W. 375; *Tiggerman v. City of Butte,* 44 Mont. 138, 119 Pac. 477; 8 Thompson, Negligence, § 6350; 28 Cyc. 1459.

The appellant, at the close of respondent's evidence, moved for a nonsuit. The motion was renewed at the close of all of the evidence, and after verdict the appellant moved for judgment notwithstanding the verdict. The denial of these motions is assigned as error. The motions for nonsuit were based on a claim of contributory negligence. It is said that the respondent's testimony showed the condition of the walk to be so dangerous that no prudent person was justified in using it. Certain of the respondent's witnesses did testify to facts, it is true, tending to show that the sidewalk was unsafe for travel, but we do not find that the evidence shows the respondent had knowledge of these conditions. While she knew the walk was defective, she did not testify, and it was not shown that she had knowledge that she was liable to meet with an accident of the character that caused her injury. She did say that the board over which she tripped was "rotten and badly rotted," and from ap-

pearances she thought it had been in that condition
for a long time. But we gather from the record that
she learned these facts from an examination made
after, not before, the accident, and that prior thereto
she had only a general knowledge of the defective
condition, not that it was unsafe for use. The law
does not, in all cases, hold a person injured by a
defect in a walk guilty of contributory negligence, but
generally treats the matter of knowledge as a fact or
circumstance bearing on the question, to be submitted
to the jury along with the other circumstances of the
case. *Tait v. King County*, 85 Wash. 491, 148 Pac.
586. It is only where the injured party knows of a
particular defect and is injured by the particular de-
fect that the question can become one of law. Here,
the evidence does not show such a state of facts, and
the question of her contributory negligence was prop-
erly submitted to the jury. It is needless to add, per-
haps, that the question of respondent's contributory
negligence must be determined from her own knowl-
edge of the condition of the sidewalk, not what her
witnesses knew of its condition.

In support of its motion for judgment notwithstand-
ing the verdict, the appellant called attention to a
discrepancy between the notice of claim and the evi-
dence introduced at the trial as to the time the injury
occurred, making the contention that this was fatal to
the respondent's right of recovery, and the same con-
tention is made in this court. The time of the occur-
rence of the injury is stated in the notice of claim as
October 16, 1917; while the proofs showed that it
occurred on either the 18th or 19th of that month.
But we cannot conclude that the mistake was fatal to
the cause of action. Had the notice been post-dated
with reference to the time, so as to make it appear

that it was filed within the thirty-day period when in fact it was not, a different question would be presented. Here the time stated in the notice as the time of the occurrence of the injury was prior to the actual time of its occurrence; and unless it was shown to have actually misled the city officers, it would be a harsh rule to declare it fatal. There was no such showing. It was made to appear conclusively that no investigation of the accident at all was made by the city officers, or by any one on the city's behalf; in fact, the city clerk locked the notice in his vault and did not even present it to the city council. We have hereinbefore stated the purpose of the statute. It is enough to add that it is in derogation of common right, and ought not to be given a literal construction when such a construction will operate to deny such rights, and when the city will in no manner be injured thereby. The authorities on the question are not uniform. Our own cases, in so far as we have touched upon the question, tend to support the conclusion we now reach. *King v. Spokane,* 52 Wash. 601, 100 Pac. 997; *Murray v. Seattle,* 96 Wash. 646, 165 Pac. 895.

In *Sullivan v. City of Syracuse,* 77 Hun 440, 29 N. Y. Supp. 105, the time of the injury was stated in the notice and alleged in the complaint as occurring on the 5th day of August, 1891, while the proofs showed that it occurred on the 4th day of August, 1891. This was held sufficient to comply with the statute requiring the time of the injury to be stated. To the same effect is *Connor v. Salt Lake City,* 28 Utah 248, 78 Pac. 479. It would seem, also, that, if the phrase, "time when the same occurred," used in the statute, required the precise day to be stated, it would require the statement of the precise time of the day down to the hour, minute, and second; yet the

courts seem unanimously to hold, where no special reason exists for greater particularity, that to state the day is sufficient. *Donnelly v. Fall River*, 132 Mass. 299; *Lilly v. Town of Woodstock*, 59 Conn. 219, 22 Atl. 40; *Sherry v. Rochester*, 62 N. H. 346.

By its remaining assignment of error, the appellant contends that the award of damages made by the jury is excessive. But the amount of such an award is so far a matter of discretion with the jury the courts will not interfere unless it plainly appears that the discretion has been abused. Here we cannot so find. The amount of the award we have stated. It is much less than this court permitted to be awarded in the case of *Magnuson v. MacAdam*, 77 Wash. 289, 137 Pac. 485, for a very similar injury.

The judgment is affirmed.

CHADWICK, C. J., PARKER, MOUNT, and HOLCOMB, JJ., concur.