[No. 16552. Department One. January 20, 1922.]

## A. M. FINN et al., Respondents, v. THE CITY OF BREMERTON, Appellant.[1]

DEPOSITIONS (6, 7-1)—RETURN—SEALED ENVELOPES. The requirement of Rem. Code, § 1243, that depositions shall be transmitted by mail in a sealed envelope to the clerk of the court before whom the action is pending is complied with where the deposition is wrapped in wrapping paper whose edges are sealed together and the enclosure reinforced by tying with string and thus deposited in the mail, though the covering may have become torn during the transmission through the mails.

DISCOVERY (11)—PHYSICAL EXAMINATION OF PLAINTIFF—DISCRETION. It is not an abuse of discretion to refuse to order a physical examination of plaintiff in a personal injury case when the plaintiff is in a distant state, her deposition is before the court, and the granting of the order would have required a continuance of the trial and possibly its ultimate dismissal.

TRIAL (13)—VIEW OF PREMISES—DISCRETION. A view by the jury of premises where a personal injury occurred being a matter wholly within the discretion of the trial court, error cannot be founded on its denial of a request therefor.

TRIAL (29)—REBUTTAL EVIDENCE—ADMISSIBILITY. Where plaintiff, injured by a fall on a sidewalk, testified she was wearing shoes with "medium height Cuban heels," the offer of rebuttal testimony that there were no shoes known to the trade having medium height Cuban heels was properly refused as not contradictory, nor within the issues, as independent evidence of contributory negligence.

PLEADING (101, 112)—TRIAL AMENDMENTS — DISCRETION — NEW CAUSES OF ACTION. The refusal to allow a trial amendment to defendant's answer so as to set up an additional element of contrib-

[1]Reported in 203 Pac. 971.

utory negligence was not an abuse of the court's discretion, where
the matter was not newly discovered, would have introduced a new
issue, and would have necessitated a continuance of the cause or a
submission of the case on the defendant's evidence alone.

Appeal from a judgment of the superior court for
Kitsap county, French, J., entered January 15, 1921,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for personal injuries sustained
in a fall upon a sidewalk.   Affirmed.

*F. W. Moore,* for appellant.
*Bryan & Garland,* for respondents.

FULLERTON, J.—The respondents recovered in this
action against the appellant, city of Bremerton, for
personal injuries received by the respondent Anna May
Finn from a fall upon the sidewalk of the appellant city.
Damages were claimed in the sum of twenty-five thou-
sand dollars.   The jury returned a verdict in the sum of
five hundred dollars.   Judgment was entered for the
sum found by the jury, and the appeal is from the judg-
ment so entered.

The errors assigned relate principally to rulings
made by the court during the progress of the trial, and
these we will notice in the order in which the appellant
presents them in its brief.

The evidence of the respondents was by deposition,
taken upon notice before a notary public in the state of
New York, and it is objected that they were not re-
turned to the trial court in the manner the statute re-
quires.   The statute thought to be offended against is
found at § 1243, Rem. Code (P. C. § 7738), and, in so
far as it is here material, reads as follows:

"The deposition, whether taken upon notice or upon
a commission, shall be inclosed in a sealed envelope, by
the officer taking the same, and directed to the clerk of

the court,  .  .  .  before whom the action is pending,
.  .  .  and either delivered to the clerk of the court
.  .  .  or transmitted through the mail  .  .  ."

The officer taking the deposition, after it was proper-
ly signed and certified, wrapped it in some form of
wrapping paper, pasted the edges of the paper to-
gether so as to form a sealed enclosure, reinforced it
by placing a string around it, addressed the package
to the clerk of the court in which the action was pend-
ing, and deposited it in the mail. When the package
reached the clerk, the covering was somewhat torn
perhaps sufficiently to expose in part the paper upon
which depositions were written. It is objected that the
enclosure is not the "sealed envelope" the statute pre-
scribes. We are, however, of the contrary view. While
the term "envelope" may have a technical signification,
its more general definition is "that which envelopes; a
wrapper; or an enclosing cover;" and it is in this
broader sense the term is used in the statute. Within
this general meaning, the enclosure here in question
was plainly a sealed envelope. The fact that the cov-
ering was torn during its transmission through the
mail did not prevent the use of the deposition by the
party desiring it. This was an accident for which
neither party to the action was responsible, and to per-
mit it to work a suppression of the deposition could
well amount to a denial of justice. Moreover, in this
state a substantial compliance with the statute relating
to the taking and returning of depositions is all that is
necessary. While in a number of jurisdictions a strict
compliance is required, we have said that the first is the
better rule. *Nasser v. Gaston,* 70 Wash. 685, 127 Pac.
470. Clearly, there was here a substantial compliance
with the statute.

At the opening of the trial, the appellant moved for
an order of the court requiring the injured respondent

to appear and submit to a physical examination, touching the nature, character and extent of her injuries. At that time the action had been at issue many months. The depositions of the respondent had been taken, and the appellant had been thereby advised that she would probably not appear in person at the trial. She was not personally present at the time the application was made, and did not subsequently appear personally at the trial. The court denied the motion on the ground that it was not timely made, and it is argued that it erred in so doing. We cannot so conclude. Whether the court will in any case require a plaintiff to submit to a physical examination is largely a matter within its discretion. While it is a discretion capable of abuse, it must be clear that there was such an abuse before an appellate court will so hold. Here, manifestly, there was none. To grant the request would have required a continuance of the trial, even if not its ultimate dismissal, and we have held it not an abuse of discretion to deny such a motion when the effect of granting the motion would only delay the trial. *Myrberg v. Baltimore & S. M. & R. Co.*, 25 Wash. 364, 65 Pac. 539.

The case cited was decided prior to the enactment of the statute on the subject, but the rule in this respect was not changed by the statute. Whether or not a physical examination of the person injured as to the extent of the injury will be ordered is still within the discretion of the court. Rem. Code, § 1230-1 (P. C. § 7765); *Titus v. Montesano*, 106 Wash. 608, 181 Pac. 43.

It is next complained that the court erred in refusing the request of the appellant to have the jury view the premises where the injury occurred. But whether a view of the premises will be ordered in any instance is wholly within the discretion of the trial court, and any denial of such a request cannot be made the foundation for a claim of error. *Klepsch v. Donald*, 4 Wash. 436,

30 Pac. 991, 31 Am. St. 936; *McMillen v. Hillman,* 66 Wash. 27, 118 Pac. 903; *Sedro-Woolley v. Willard,* 71 Wash. 646, 129 Pac. 372.

The further assignments of error relate to the exclusion of evidence and are discussed by the appellants under one heading, and we will so consider them. In the cross-examination of the injured respondent, she was questioned as to the clothing and the character of the shoes she wore at the time of her injury. Concerning the clothing, she answered that the only article that she had remaining was the dress-skirt, which she produced; the skirt being marked for identification, and forwarded along with her deposition. As to the shoes, she testified that they had long since been worn out and thrown away. She described the shoes as being "white kid oxfords" with "medium height Cuban heels." At the trial the appellant produced a shoe dealer and offered to prove by him what a Cuban heel was and to prove further that a shoe with a Cuban heel was a recognized standard shoe, that the heels of such shoes were from two and one-half to three inches in height, and that there were no shoes known to the trade which had heels described as medium height Cuban heels. The court excluded the offered evidence on the grounds that it did not tend to contradict the testimony of the respondent, and that, as independent evidence of contributory negligence, it was not within the issues, there being no allegation in the plea of contributory negligence that the character of the clothing and shoes the injured respondent was wearing was the cause of or in any manner contributed to her injury. The appellant thereupon offered to amend its answer in this respect, which offer the court likewise refused.

We find no error in these rulings. The evidence plainly contradicted nothing to which the witness had

testified, and whether an amendment to the pleadings would then be permitted was within the sound discretion of the trial court, and is subject to review only for manifest abuse. Manifestly there was here no abuse of discretion. The amendment would have introduced a new issue, which the respondents were not required prior thereto, and in fact had not made preparation to meet. The evidence was not newly discovered, and the trial was then nearing its close. To have allowed the amendment would have necessitated either a continuance of the cause, or a submission of the question to the jury on the appellant's evidence alone. Plainly, if the appellant desired to make this a defense it owed the duty under the circumstances shown to have apprised the respondents of the fact before the trial was entered upon. Having failed in that duty, it should not now be heard to complain that a right has been denied it.

The remaining assignments of error go to the sufficiency of the evidence to sustain the verdict. But without reviewing the evidence, we are clear that sufficient was shown to require the submission of the appellant's liability to the jury. There was, it is true, no proof of permanent injury, but the proofs of temporary injuries was abundantly sufficient to warrant the very modest verdict the jury returned.

The judgment is affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.