[No. 22207. Department Two. December 26, 1929.]

NORMA SHUMWAY, *Respondent*, v. LEONARD J. MARION, *Appellant*.

B. K. VANUCIE, *Respondent*, v. LEONARD J. MARION, *Appellant*.[1]

*E. L. McDougal* and *John Wilkinson*, for appellant.

*Theodore B. Bruener* and *McMaster, Hall & Schaefer*, for respondents.

HOLCOMB, J.—Two actions for personal injuries from an automobile collision were brought by respondents against appellant. For convenience, the two cases were consolidated for trial. The cases, being tried before

[1]Reported in 283 Pac. 444.

a jury, resulted in verdicts in a substantial sum for Norma Shumway and a larger verdict for respondent Vanucie, upon which judgments were entered.

Seven errors are claimed by appellant, only two of which are argued. The first is that the trial court erred in refusing to appoint physicians of his own choosing, while the trial was pending, to examine respondents. The second is a dependent claim upon the foregoing that appellant did not have a fair trial because of the foregoing ruling preventing appellant from disproving the permanence of both of respondents' injuries by reason of being denied such physical examination by physicians.

After the jury was impaneled, appellant moved the court for an order directing that a physical examination be made by certain physicians named therein by appellant.

This motion was opposed by respondents on three grounds, viz: because not timely made; because there was no showing of necessity; and because there had been an examination made by a certain competent physician at the request of Mr. McDougal, one of the attorneys for appellant.

The record shows that Dr. Goodnow, at the request of Mr. McDougal made an examination of both of respondents in February, 1927. How there could be an abuse of discretion by the trial court in denying another physical examination by physicians without some additional showing other than was made in the motion for such examination, we are unable to say.

Appellant seems to urge that Rem. Comp. Stat., § 1230-1, grants an absolute right to a litigant, especially when substantial damages for personal injuries are demanded, to such an examination. It is conceded that the cases of *Titus v. Montesano,* 106 Wash. 608, 181 Pac. 43, and *Finn v. Bremerton,* 118 Wash. 381,

203 Pac. 971, are apparently to the contrary. It seems to be insisted that these cases are contrary to the provisions of the statute cited.

In the *Titus* case the statute cited is set out, and it was there held that the statute is not mandatory. The clause therein, that the court "may . . . order and direct" a physical examination, was construed to leave something to the discretion of the trial court. That case was reaffirmed in the *Finn* case.

The trial court was entirely justified in denying the request to appoint two physicians of appellant's own choosing (*Smith v. Spokane,* 16 Wash. 403, 47 Pac. 888) ; but in any event there was no showing in this case any more than there was in the *Titus* and *Finn* cases of the abuse of discretion by the trial court.

The judgments are therefore affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and FRENCH, JJ., concur.