TRABBIC v. TRABBIC.

1. HUSBAND AND WIFE—PROPERTY RIGHTS—PERSONALTY—WIFE'S
INTEREST—RIGHT OF DISPOSAL.
   A wife's assent to the disposal of her husband's unexempt per-
   sonalty in his lifetime is not essential, she having no vested
   interest therein during his lifetime.

2. SAME—GIFT BY HUSBAND—VALIDITY.
   A transfer or gift of personal property is not void as to the
   donor's widow, under sections 9300, 9301, 3 Comp Laws, unless
   done with fraudulent intent to prevent its passing into his
   estate after his death.

3. SAME—DISCHARGE OF MORTGAGE—FRAUD ON WIFE.
   The discharge of a mortgage by the mortgagee, in consideration
   of the execution of a new mortgage to one of his sons, with
   the understanding that the proceeds shall be divided between
   certain of his children, constitutes a completed gift inter
   vivos, which is valid as against his wife, where made in
   good faith and after he has made provision for her in his will,
   which he believes to be satisfactory to her.

Appeal from Monroe; Lockwood, J. Submitted Decem-
ber 8, 1905. (Docket No. 185.) Decided December 22,
1905.

Bill by Victoria Trabbic against Flaget Trabbic to set
aside the transfer of a mortgage. From a decree dismiss-
ing the bill, complainant appeals. Affirmed.

Complainant and Peter Trabbic were married April 9,
1882. He was then a widower with nine children. He
died June 11, 1903. Complainant at the time of her hus-
band's death was about 62 years old. He had no issue by
his second marriage. The day before he married he exe-
cuted deeds to three of his sons, reserving in each parcel
of land conveyed a life estate. He later purchased 100
acres of land for another son, paying therefor $4,200, the
title to which was conveyed direct to the son, with a life

estate to himself. These boys were then minors, and lived with him until they were married, when they went to live upon the farms which their father had given them. He was a careful, thrifty, and economical man, and afterwards acquired considerable property in addition to what he had when married.

Complainant knew of these deeds either at the time or just after her marriage. Complainant and her husband lived apparently in happiness. In March, 1903, he executed a will, and on March 12, 1903, a codicil. The provisions of his will were talked over between him and the complainant, and she understood its provisions. He proposed at first to give her a homestead and all household furniture for her natural life, and $1,200 in money. She thought this was not sufficient, and the will executed gave her $1,600. The codicil provided that the bequests to his wife should be in lieu of dower. His estate inventoried $21,533.34, mostly real estate.

She waived the provisions of the will and took under the statute. Her dower interest has been assigned to her, which she rents to some of her stepchildren for $250 per year cash, the tenants to pay the taxes and insurance upon the house, which she also has as a homestead with the household goods and furniture. During the settling of the estate she was paid $10 per week. Mr. Trabbic owned a mortgage for $5,600, executed by one Dusseau. On March 12th he sent one of his sons to Mr. Dusseau. He desired to divide the mortgage among his sons. He sent for a scrivener, and directed that the old mortgage be discharged, for which purpose he gave the defendant a power of attorney, and that a new mortgage be taken direct to the defendant. He gave verbal instructions to the defendant to divide the amount of this mortgage, when it was paid, among his sons in equal shares.

The executor refused to inventory this mortgage as one of the assets of the estate. Complainant thereupon filed this bill, setting up the above facts, and alleging that Mr. Trabbic, being old and infirm, and sick and incompetent

mentally to transact any business, or to realize or compre-
hend what he was doing, and being under the influence of
the said Flaget Trabbic, purported to execute the above-
mentioned papers; that the personal property inventoried
was sufficient to pay all the debts of the estate; that de-
fendant fraudulently took said mortgage to himself with
the intent to deprive complainant of her interest in it.
She therefore prayed that defendant may be decreed to
pay her one-third of said mortgage, and accumulated in-
terest, being the portion which under the statute would
go to her if it was a part of her husband's estate.    The
case was heard upon pleadings and proofs, and the bill
dismissed.

*Charles A. Golden* and *Willis Baldwin,* for com-
plainant.

*George M. Landon,* for defendant.

GRANT, J. ( *after stating the facts* ).   The learned cir-
cuit judge found that the deceased was in the full posses-
sion of his faculties when these papers were executed and
that no undue influence was exercised by any of his chil-
dren to induce the execution.   Counsel for the complain-
ant do not in their brief contend that the deceased was
either incompetent or that there was any undue influence.
Their argument is that there was a fraudulent intent on
the part of Mr. Trabbic, before his marriage to complain-
ant, and from then until the time of his death, to defraud
complainant of her legal rights in his estate.   They argue
that the deeds executed to his sons before the marriage
were fraudulent, and that this creates a strong presump-
tion that this mortgage transaction was also fraudulent.
We cannot agree with counsel that the record shows that
these deeds were executed by Mr. Trabbic for the purpose
of defrauding his intended wife, or that any of his gifts
afterwards to his children were made with like intent.
It was commendable in him to desire out of his estate,
large for a farmer, to provide for his children, several of

whom were then minors. It does not appear that she made any objection to this, or to any other transaction, until after his death. He retained ample means to take care of himself and her. They lived together for 20 years, during which time she received the benefit of the life estate retained in the lands conveyed. The judge found, and we think correctly, that the will was drawn as directed by Mr. Trabbic, that complainant assented to it, and that the codicil simply expressed what was the intention and understanding of the parties at the time of the execution of the will.

The wife's assent to the disposal of his unexempt personalty in his lifetime was not essential. *Miller* v. *Stepper*, 32 Mich. 194. Complainant had no vested interest during her husband's lifetime in his personal property except in that which was exempt. She had only a vested interest in what remained at his death. Such transfer or gift is not void as to the widow under 3 Comp. Laws, §§ 9300, 9301, unless done with fraudulent intent to prevent its passing into his estate after his death. The discharge of this mortgage and the execution of another at his request was not testamentary in character. It disposed of the absolute title to the mortgage to his son, the defendant, whom he was willing to trust to carry out his wishes in dividing it among certain of his children. He might have assigned the mortgage direct to him and the same result would have followed. He might have converted it into money, giving that to the defendant, either absolutely or in trust for others. The deceased had made provision for his wife which he believed to be satisfactory to her. The gift was no more a fraud upon her than it was upon the four children who were to have no interest in it. We think the transaction constituted a complete gift inter vivos and is valid. *Holmes* v. *McDonald*, 119 Mich. 563; *Hagerman* v. *Wigent*, 108 Mich. 192.

Decree affirmed, with costs.

MOORE, C. J., and McALVAY, BLAIR, and HOOKER, JJ., concurred.