[No. 15735. Department One. July 15, 1920.]

FRANK L. LOVEJOY et al., Respondents, v.
S. L. AMERICUS et al., Appellants.[1]

APPEAL (338)—BRIEFS—TIME FOR SERVICE. A motion to strike respondent's brief, because filed out of time, will be denied when it was filed before the motion was made, and in time for service of a reply brief before the hearing.

EXECUTION (50)—SALE—VACATION—INADEQUACY OF PRICE. An execution sale of property of the value of $4,000, for $87.92 will be set aside where the debtors acted promptly on receiving notice, and the creditor failed to pursue simple and adequate remedies and had lulled the debtors into a sense of security by crafty silence during the period of redemption.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered June 2, 1919, upon findings in favor of the plaintiffs, in an action for equitable relief, tried to the court. Affirmed.

[1]Reported in 191 Pac. 790.

*S. L. Americus, F. W. Girard, Cordiner & Cordiner,* and *Ripley & Quackenbush,* for appellants.

*C. C. Upton,* for respondents.

MITCHELL, J.—On August 9, 1917, the defendant S. L. Americus had an unsatisfied judgment against these plaintiffs in the sum of $63.15, with interest from September 3, 1915, and costs, $7.25, upon which he took out an execution and caused the sheriff to levy upon some six or seven detached parcels of real property of plaintiffs, situated in Spokane county. All the property was sold in bulk to the judgment creditor at sheriff's sale for $87.92, the amount of the judgment, costs and increased costs. The sale was confirmed by the superior court, and in due time, September 17, 1918, a sheriff's deed was issued to the purchaser. Under date of January 25, 1919, Americus and wife made a quitclaim deed to the property to the defendant Samuel D. Rodibaugh of Westmorland county, Pennsylvania, and on the same day caused the deed to be recorded in the office of the auditor of Spokane county. Four days later this action was commenced against Americus and wife and Rodibaugh to set aside the sheriff's sale, certificate of sale and deed, and also the deed to Rodibaugh, upon the grounds of inadequacy of price, together with fraud in procuring the sheriff's sale and deed, and that the deed to Rodibaugh was without consideration and fraudulent. There was judgment for the plaintiffs, from which the defendants have appealed.

In their reply brief, which was served nearly five months after the service of respondents' brief, appellants moved for the first time to strike respondents' brief because it was not served within thirty days after appellants' opening brief had been served. The situa-

tion is similar to that in *Magnuson v. MacAdam,* 77 Wash. 289, 137 Pac. 485, upon which authority the motion is denied.

Upon the merits, in addition to what has been stated, from the pleadings and proof it very clearly appears that respondents and Americus and wife have been well acquainted and residents of Hillyard, Washington, some eight or ten years. Persistently, orally and by letters, respondents were requested to pay the judgment, down until the issuance of execution, after which nothing was said to them about payment. Respondents had no actual notice of the sheriff's levy and sale until the latter part of December, 1918—more than three months after the expiration of the redemption period. Upon learning of the situation, on more than one occasion, and as late as January 24, 1919, they offered to pay and tendered cash sufficient to satisfy the judgment, interest, costs and increased costs, and even offered to pay a reasonable amount to satisfy appellants for any trouble they had been put to. The tender was finally rejected on January 24, 1919, and the next day Americus and wife made and filed their deed to Rodibaugh. The tender made was kept good by respondents by a deposit in court upon commencing this suit five days later. There was an outstanding mortgage of $1,000 on one piece of the property, but over and above that, the reasonable value of all the property included in the sheriff's sale and deed was in excess of $4,000. One piece of the property was, and still is, the residence of respondents. Another piece of the property, of the value of $2,500, and not used as a homestead nor for farming purposes, was regularly occupied by a tenant of respondents, yielding $16 per month. Subsequent to the sheriff's sale, and for months after the statutory period of redemption,

Americus and wife stood silently by without making any demand or giving any actual notice, and permitted respondents to pay taxes, special assessments for municipal water mains, and for improving the buildings on the property in considerable sums.

A case very much like this in principle was considered in *Triplett v. Bergman,* 82 Wash. 639, 144 Pac. 899, wherein it was said:

"While the courts have expressed themselves in various language, we are of opinion that the sum and essence of the law upon the question involved in this case is that there is a discretionary power vested in the trial judge, and where it is made to appear that the sale would outrage the right of a judgment debtor if allowed to stand, his discretion will not be controlled, for, as is said in *Howell v. McCreery,* 7 Dana (Ky.) 388, where a judicial sale was challenged for inadequacy of the sum bid,

" 'Public policy and the analogies of the law require that they should be considered *per se* as in the twilight between legal fraud and fairness, and should be deemed fraudulent, or in trust for the debtor, upon slight additional facts.'

"This case is quoted in *Shroeder v. Young,* 161 U. S. 334, a case following *Graffam v. Burgess,* 117 U. S. 180, where the rule is stated thus:

" 'Great inadequacy requires only slight circumstances of unfairness in the conduct of the party benefited by the sale to raise the presumption of fraud'."

The judgment in the present case is entirely justified. The respondents acted promptly upon receiving notice that their property had been sold. Mr. Lovejoy was a teamster in the town of Hillyard and trusted nearly all his other business to his wife, who was, much of the time, almost an invalid. After the issuance of the execution, followed by the sheriff's sale, and while the rights of respondents were passing away by the lapse of time into the hands of appellant Americus, the con-

tinuous dunning theretofore engaged in was changed into an apparently wary and crafty silence, highly calculated to, and actually succeeding in, lulling the respondents into a sense of security until the year for redemption passed by. *Graffam v. Burgess*, 117 U. S. 180. The judgment, with interest and costs, could have been satisfied, prior to the execution, by garnishment proceedings against the tenant of respondents for less than five months' rental; while, during the period of redemption from the sheriff's sale, the amount of the judgment, interest and costs, and increased costs of $87.92, could have been satisfied by less than six months' rental from the same tenant, to which appellants, as purchasers at the sheriff's sale, were entitled under the provisions of § 602, Rem. Code.

The obviously studied course of the judgment creditor in refusing or failing to pursue those plain, simple and adequate ways to collect, constitute in part that unfairness which, coupled with the shockingly inadequate price for which they purchased at the execution sale, fully warranted respondents in their appeal to a court of equity for relief, under the rule stated in *Triplett v. Bergman, supra.*

The findings and conclusion of the trial court that the quitclaim deed to Rodibaugh was not made in good faith and should be cancelled were fully warranted by the pleadings and other portions of the record, which require no recital or analysis in this opinion.

Judgment affirmed.

Holcomb, C. J., Parker, Mackintosh, and Main, JJ., concur.