[No. 17042.   Department Two.   August 28, 1922.]

SARAH E. TUPPER *et al.*, *Appellants*, v. HENRY HARTMAN *et al.*, *Respondents*.[1]

GUARANTY (12)—DISCHARGE OF GUARANTOR—EXTENSION OF TIME. Where judgment was obtained against the maker and a guarantor of a note, extension of time for payment of the judgment without the consent of the guarantor discharges the guarantor.

SAME (11-1)—DISCHARGE OF GUARANTOR—CHANGE IN OBLIGATION OF PRINCIPAL. A guarantor of a note, against whom judgment had been obtained, is discharged by the judgment creditor's agreeing to discharge the estate of the principal maker and accept instead the promise of the principal's widow, without the consent of the guarantor.

SAME (14)—DISCHARGE—NEGLECT OF CREDITOR. A judgment creditor, having a judgment against the estate of the maker of a note and a guarantor, discharges the latter by allowing the assets of the estate to be distributed without the knowledge or consent of the guarantor.

[1]Reported in 208 Pac. 1103.

SAME (13)—DISCHARGE—PAYMENT. Payment of a judgment by the persons primarily liable discharges one who was liable as a guarantor.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered May 28, 1921, upon findings in favor of the defendants, in an action to quiet title, tried to the court. Affirmed.

*Hughes & Wallace* and *Barrows & Hanna* (*Stephen J. Chadwick,* of counsel), for appellants.

*Crollard & Steiner,* for respondents.

MACKINTOSH, J.—The appellants began this action to quiet title to certain lands in Chelan county and the respondents have answered with a cross-complaint for the purpose of quieting title in themselves.

We deem it unnecessary to make a recitation of the complicated facts in this case, which originated by the giving of a promissory note by E. and A. E. Messerly to the respondent Henry Hartman, in the sum of $1,000, which note was later sold by Hartman, who guaranteed the payment thereof. The facts lead through a tropic undergrowth of deaths, marriages, assignments, judgments and stipulations, and finally emerge in a sale of the property of Hartman, to the value of over $100,000, to satisfy a judgment for some $1,600. The purpose of the respondents is to invalidate the sale of their property to satisfy this judgment. This court in *Lovejoy v. Americus,* 111 Wash. 571, 191 Pac. 790, set aside a judicial sale upon facts which are not very dissimilar from those in the case here, so we are not without warrant in pursuing the same course in this case. But whether the action of the trial court should be sustained upon the theory of that case is immaterial for the reason that Hartman had been relieved from liability under the judgment obtained

against him and the maker of the note before the sale of the property here involved; for it appears that, according to the record, the judgment creditor had extended the time of payment of the judgment, which had been allowed as a claim against the estate of the maker of the note, without obtaining the consent of Hartman, who was a guarantor thereof.

Another reason appears in the record why Hartman should be discharged, and that is that the judgment creditor agreed to discharge the liability of the estate of the maker of the note, and to accept instead of such liability the promise of the widow of the maker to pay the judgment, which was secured by a lien upon her separate property, and this also was done without the consent of Hartman.

Another reason for the discharge of Hartman is that the judgment creditor, in addition to waiving the right of collection against the estate of the maker of the note, allowed the assets of the estate to be distributed, and this again without the knowledge or consent of Hartman.

The last reason for the discharge of Hartman is that the judgment had been fully paid by the persons primarily liable thereon before execution levied upon Hartman's property.

For these reasons, the judgment of the trial court is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.