[No. 21267. Department One. September 14, 1928.]

.LUMBERMANS BANK & TRUST COMPANY, *Respondent*
v. J. W. SEVIER, *Appellant.*[1]

*Kohlhase & Cooperman,* for appellant.
*Mark P. Kerr,* for respondent.

PARKER, J.—The plaintiff bank commenced this action in the superior court for Cowlitz county, seeking recovery from the defendant Sevier upon a continuing guaranty, executed and delivered by him to the bank, guaranteeing to it payment of indebtedness due and to become due to it by H. W. Auto Exchange, a copartnership. Trial upon the merits in that court, sitting without a jury, resulted in judgment awarding recovery to the bank, from which Sevier has appealed to this court.

As we view this record, the controlling facts, well established by the evidence, may be summarized as follows: On December 2, 1925, and for some months

[1]Reported in 270 Pac. 291.

prior thereto, Hager and Weed were copartners, doing business under the partnership name of H. W. Auto Exchange. They were then indebted to the bank in the sum of one thousand dollars, which indebtedness was evidenced by a demand promissory note given by them to the bank, signed by the partnership name. The bank, desiring payment of the indebtedness, or security for the further extension of time for its payment, agreed to having the indebtedness evidenced by a new time note, provided Sevier would execute to the bank a general continuing guaranty for present and future indebtedness of H. W. Auto Exchange to the bank. Accordingly, such a guaranty was executed by Sevier and delivered to the bank, and a new note for one thousand dollars, payable in thirty days, was executed by H. W. Auto Exchange and delivered to the bank.

On January 6, 1926, that note was replaced by a new note for the same amount. On February 13, 1926, that note was replaced by a new note for the same amount. On March 8, 1926, that note was replaced by a new note for the same amount. On April 8, 1926, $100 having been paid upon that note, it was replaced by a new note for $900. On May 3, 1926, $50 having been paid upon that note, it was replaced by a new note for $850. On June 9, 1926, $25 having been paid upon that note, it was replaced by a new note for $825. On July 13, 1926, $25 having been paid upon that note, it was replaced by a new note for $800. On August 2, 1926, $25 having been paid on that note, it was replaced by a new note for $775. On September 11, 1926, $50 having been paid upon that note, it was replaced by a new note for $725. On October 9, 1926, $50 having been paid upon that note, it was replaced by a new note for $675. On November 24, 1926, $25 having been paid upon that note, it was replaced by a new note for $650. On December 11, 1926, $50 having been paid upon that

note, it was replaced by a new note for $600. On March 2, 1927, $25 having been paid upon that note, it was replaced by a new note for $575.

This last note is the indebtedness sought to be recovered by the bank from Sevier upon his continuing guaranty executed December 2, 1925. Each of these notes was in turn signed "H. W. Auto Exchange by C. D. Hager," he being at all times one of the partners doing business under that partnership name. Sometime prior to October, 1926, Weed sold his interest in the partnership to Nichols who, with Hager, thereafter continued the business under the same partnership name of H. W. Auto Exchange until about October 1, 1926, when Nichols sold his interest in the partnership to McClosky who, with Hager, thereafter continued the business under the same partnership name of H. W. Auto Exchange during all remaining time here in question.

Thus, it will be noticed that the notes of November 24, 1926, December 11, 1926, and March 2, 1927, were all given by the new partnership composed of Hager and McClosky long after Weed had ceased to be a partner in the business. Indeed, some of the prior notes were given by the partnership to the bank after Weed had ceased to be a partner by his transfer of his interest therein to Nichols, though just when that transfer occurred is not made certain by the evidence. The officers of the bank knew of McClosky's coming into the partnership of H. W. Auto Exchange as successor to the interest of Nichols about the time of the transfer from Nichols to McClosky, and thus learned that the H. W. Auto Exchange was a different partnership from the H. W. Auto Exchange existing at the time it received the continuing guaranty from Sevier on December 2, 1925.

The record warrants the conclusion that, as

each new note was given, the prior note it replaced was surrendered and treated as paid. We see nothing in the terms of the continuing guaranty evidencing an intent that it become a guaranty of any indebtedness other than indebtedness owing and to become owing by the partnership consisting of Hager and Weed. In November, 1927, the bank, claiming the whole of the principal of the note of March 2, 1927, executed by the partnership consisting of Hager and McClosky, to be due and unpaid, commenced this action to recover the amount thereof from Sevier upon his continuing guaranty of December 2, 1925.

While the continuing guaranty given by Sevier to the bank on December 2, 1925, obligated him to respond to the bank in satisfaction of present and future indebtedness owing by the partnership then doing business under the name of H. W. Auto Exchange, it did not obligate him to satisfy indebtedness to be incurred and become owing to the bank by another later created partnership composed of a different membership, though the later created partnership succeeded to the ownership of the business and continued it under the same partnership name. The applicable rule is well stated by Judge Magruder, speaking for the supreme court of Illinois in *Dupee v. Blake*, 148 Ill. 453, 35 N. E. 867, as follows:

"A surety who guaranties that a firm composed of particular individuals will do certain acts, or discharge certain duties, cannot be held liable where there is a change in the firm, although the firm name is not changed. As the surety's liability is strictissimi juris, and cannot be extended by construction, his guaranty to a partnership is extinguished if any partner is taken into or retires from the partnership; unless it appears from the terms of the instrument that the parties intended the guaranty to be a continuing one, without reference to the composition of the firm."

See, also *Lumley v. Haggerty*, 110 Mich. 552, 68 N. W. 243; *Standard Oil Co. v. Arnestad*, 6 N. D. 255, 69 N. W. 197; 34 L. R. A. 861; *Gazette Pub. Co. v. Cole*, 164 Ark. 542, 262 S. W. 985; 21 R. C. L. 1061; Stearns on Suretyship (3rd ed.), § 54; *Spokane Union Stockyards Co. v. Maryland Casualty Co.*, 105 Wash. 306, 178 Pac..3.

It follows that the guaranty given by Sevier to the bank on December 2, 1925, did not obligate him to respond to the bank in satisfaction of any indebtedness incurred by the new partnership which differed in membership from the old partnership, unless we are to hold that such indebtedness of the new partnership to the bank also remained an indebtedness of the old partnership; that is, unless we are to hold that the indebtedness here in question is an indebtedness continuing as an obligation of the old partnership.

Now, did the indebtedness evidenced by the $575 note of March 2, 1927, executed and delivered to the bank by the new partnership, remain the indebtedness of the old partnership as well as become an indebtedness of the new partnership? We think not. All of the indebtedness here in question, secured by Sevier's continuing guaranty, was evidenced by successive promissory notes. The facts above summarized, we think, render it plain that each succeeding note was in full payment of the one immediately preceding. While Sevier was by his continuing guaranty obligated to the bank to pay the indebtedness evidenced by all of the notes given in succession by the old partnership, we are of the opinion that his obligation as a guarantor was fully discharged when the new partnership by a new note paid the last note given by the old partnership, and hence he did not remain liable for the payment of the indebtedness evidenced by any of the subsequent notes given by the new partnership.

We conclude that Sevier is not liable upon his continuing guaranty for this indebtedness. This, of course, applies to his wife who was made a defendant as a member of the community. The judgment is reversed and the action dismissed.

MITCHELL, TOLMAN, and FRENCH, JJ., concur.

FULLERTON, C. J., dissents.