SPEARS v. JAMES.

1. BANKS AND BANKING—ACCOUNT IN NAME OF MARRIED MAN—
   WITHDRAWALS.
   · A married man is free to withdraw moneys from bank account
   in his sole name, especially amounts deposited in the account
   not greater than proceeds of his own property and earnings
   as distinguished from contributions made to the account by
   his wife.

2. HUSBAND AND WIFE—UNEXEMPT PERSONALTY—DISPOSAL BY HUS-
   BAND WITHOUT WIFE'S ASSENT.
   The wife's assent to the disposal of a married man's unexempt
   personalty during his life time is not essential.

3. DOWER—LIFE ESTATES.
   A married woman has no dower in lands in which her husband
   had no interest but his own life estate.

4. HUSBAND AND WIFE—PURCHASE OF REALTY BY HUSBAND—LIFE
   ESTATES—REMAINDERS—DOWER.
   Married woman had no lien or dower interest in realty purchased
   with funds under husband's sole control where life interest
   was conveyed to him and remainder interest to his sisters and
   brother.

5. DOWER—FRAUD—EVIDENCE.
   In widow's proceeding to establish dower interest in real estate
   purchased by her late husband from funds under his sole con-
   trol, evidence *held*, insufficient to establish fraud upon his
   part.

6. COSTS—BRIEF.
   No costs are allowed appellees upon affirmance of decree where
   they have filed no brief on appeal.

Appeal from Oakland; Hartrick (George B.), J.
Submitted October 14, 1947. (Docket No. 70, Calen-
dar No. 43,865.) Decided December 3, 1947.

Dower as a derivative estate, see 1 Restatement, Property, §§ 54,
75 and Appendix, pp. 1–15.

Bill by Eva Mae Spears against Mrs. Delia James and others to establish dower right in real property. Decree for defendants. Plaintiff appeals. Affirmed.

*George A. Sutton,* for plaintiff.

REID, J. Plaintiff by her bill of complaint seeks to establish that she is the owner of a dower interest in certain real estate, and asks that either she be given a lien in the nature of a mortgage against said real estate to secure payment of her one-third interest or that one-third of the proceeds from said real estate be assigned to her, and asks that defendants account for one-third of the receipts from said real estate since her husband's death. Defendants deny that plaintiff has ever had any interest, of dower or otherwise, in the real estate involved in this litigation.

It is the claim of the plaintiff that her deceased husband, Dr. M. L. Spears, on July 17, 1942, purchased the property in question, 72 Murray street, Pontiac, a house and lot adjacent to the residence of herself and her late husband, paying therefor $2,250. Plaintiff claims that by direction of Dr. Spears the title was taken with a life interest therein to himself, and the remainder interest to defendants Delia James, Rebecca Spears and Dewey Spears, sisters and brother of Dr. Spears, with the result that plaintiff on surviving her husband was not possessed of a dower interest in the property in question. Plaintiff further claims that her husband concealed from her, knowledge of the manner and form of the deed and left it to be considered and supposed by plaintiff that the deed was taken in the name of either Dr. Spears or of Dr. Spears and herself jointly, and that her husband committed a fraud upon her in such transaction. Dr. Spears exercised

the ordinary acts of ownership and management of the property in question from and after the date of the transaction until his death.

Plaintiff became the wife of Dr. Spears on November 26, 1921; he died September 16, 1945.

Evylena Ward testified that she had been stenographer and office girl for Dr. Spears for six years. She testified that the doctor carried his bank account in the Community National Bank of Pontiac, and that all money from the earnings of Dr. and Mrs. Spears went into the account and that into the same account was deposited the proceeds of the sale of property at Nashville, Tennessee, for $5,000 some time in 1942, title to which property stood in the name of Dr. Spears. The witness testified that from that account came the money that paid for the property in question, and also testified that Dr. Spears said he didn't want his wife to know about the transaction for the purchase of the property in question.

Plaintiff relies upon cases which hold that conveyances or dispositions of property, consummated without the knowledge of the wife, immediately preceding marriage, are constructively fraudulent if not actually fraudulent, and cites from 48 L. R. A. (N. S.) 513, which lists, p. 514, *Cranson* v. *Cranson,* 4 Mich. 230 (66 Am. Dec. 534), and *Brown* v. *Bronson,* 35 Mich. 415. The cases cited are concerned with antenuptial fraudulent conveyances aimed at causing that the prospective wife should not become endowed of the lands of her prospective husband, and have no bearing upon the case at bar, which has nothing to do with antenuptial dispositions of property.

Under the circumstances of this case the doctor was free to withdraw moneys from the account from which he withdrew it, the account being in his sole

name. It could be considered that in purchasing the house and lot he did not dispose of more than he had himself deposited in the account, the proceeds of his property and earnings, 'as distinguished from any contributions made to the account by the plaintiff. However, deceased was not to be considered limited in his withdrawals under the circumstances of this case.

"The wife's assent to the disposal of his unexempt personalty in his lifetime was not essential." *Trabbic* v. *Trabbic,* 142 Mich. 387, 390.

The Michigan statute, 3 Comp. Laws 1929, § 13072 (Stat. Ann. § 26.221), provides:

"Section 1. The widow of every deceased person shall be entitled to dower, or the use during her natural life, of one-third part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage, unless she is lawfully barred thereof."

The deceased, Dr. Spears, acquired no estate of inheritance under the transaction in question in this case. The transaction did not create any foundation for a lien on the part of plaintiff; she has no dower in lands in which her husband had no interest but his own life estate.

Plaintiff sought to establish fraud but the proofs fall far short of showing any fraud on the part of the husband. We are in accord with the finding to that effect by the trial court.

The decree appealed from dismissed the bill of complaint. That decree is affirmed. Defendants not having filed a brief herein, no costs are allowed.

Carr, C. J., and Butzel, Bushnell, Sharpe, Boyles, North, and Dethmers, JJ., concurred.