*In re* SPEARS ESTATE.

SPEARS *v.* SPEARS.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—RECORD.
  The Supreme Court examines the whole record in its *de novo* review of a chancery case in order to determine whether or not plaintiff is entitled to the relief he seeks.

2. EXECUTION — COSTS — SALE — NOTICE — DEMAND — FINDINGS — ATTORNEY.
  Trial court's finding that plaintiff in instant chancery suit to secure right of redemption from sheriff's sale on writ of execution for costs taxed in a will contest, had declined to have anyone represent him as an attorney after disbarment of nephew who had previously been his attorney *held*, without support, where there is evidence that defendant herein had had some contact with plaintiff's present attorney and plaintiff without making demand for the costs or notifying him of the execution sale but permitted him to pay taxes and make repairs on the rented property.

3. SAME—VALUE—FRAUD—REDEMPTION.
  Sale of rented realty on writ of execution for costs in a will contest for a small fraction of the value of the property without personal notice to the owner, brother-in-law of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error §§ 814, 815, 912.
[3] 21 Am Jur, Executions § 361.

judgment creditor, under circumstances bordering on fraud *held,* to entitle plaintiff owner to a period of redemption in addition to that accorded by statute, where he had no actual knowledge of the execution sale and judgment could have been satisfied by garnishment of 4 or 5 months of the rental (CL 1948, § 623.96).

4. COSTS—CHANCERY CASE—SIMULTANEOUS APPEALS.

Costs are allowed appellant who obtained relief sought in chancery suit to procure an additional period of redemption from execution sale although there is an affirmance on his simultaneously submitted appeal from denial of motion to quash levy for such costs.

Appeals from Oakland; Doty (Frank L.) and Holland (H. Russel), JJ. Submitted January 5, 1960. (Docket Nos. 2, 3, Calendar Nos. 46,810, 46,811.) Decided February 26, 1960.

In the matter of the estate of Dr. Mansfield L. Spears, deceased, Dewey Spears moved to quash writ of execution for costs taxed in favor of Eva Mae Spears on will contest. Motion denied. Plaintiff appeals.

Bill by Dewey M. Spears against Eva Mae Spears to secure right of redemption from sheriff's sale on writ of execution for costs taxed on will contest. Bill dismissed. Plaintiff appeals.

Appeals presented simultaneously. Affirmed as to denial of motion to quash writ of execution. Chancery decree reversed and cause remanded for entry of decree granting period of redemption.

*Verne C. Hampton,* for plaintiff.

*Manikoff & Munde* (*V. John Manikoff,* of counsel), for defendant.

SOURIS, J. On September 21, 1946, costs in the amount of $118.50 were taxed against Dewey M. Spears, plaintiff and appellant herein, in favor of Eva Mae Spears, the defendant herein, in the Oakland county circuit court, at law, in a will contest case. On January 2, 1948, a writ of execution issued out of said court, and on January 5th levy was made upon a residence owned by plaintiff and occupied by a tenant. In May, 1948, defendant purchased the property at the sheriff's sale for $165.84. In the following year, on August 30, 1949, after the statutory* period of redemption had expired, defendant recorded the sheriff's deed to the property. Suit in chancery was instituted within the following month, on September 26, 1949, for an order permitting plaintiff to redeem the property from the sheriff's sale.

At the conclusion of proofs, the trial judge took the case under advisement and subsequently filed his opinion directing that an order of dismissal of the bill of complaint be presented for entry. Prior to the entry of the order of dismissal, however, plaintiff returned to the law side of his controversy with Mrs. Spears, the will contest case, and moved to quash the levy made upon his property. In due course, an order of dismissal was entered in the chancery case, and an order denying plaintiff's motion to quash was entered in the will contest case on the law side of the court. Both orders are here on appeal, the cases having been presented simultaneously to this Court.

These parties have been before this Court previously in litigation concerning the same property. *Spears* v. *James,* 319 Mich 341. Indeed, the record discloses that they have frequently litigated their differences in the State and Federal courts, 5 appeals

---

* CL 1948, § 623.96 (Stat Ann § 27.1595).

having been taken to the United States supreme court. Plaintiff is Mrs. Spears' brother-in-law. She lives next door to the property sold by the sheriff. That property was purchased by her now deceased husband, title having been taken in the names of plaintiff and 2 sisters, a life estate only having been obtained by defendant's husband, thereby barring any claim of dower defendant otherwise may have had in the property. Mrs. Spears' seemingly inevitable claim of dower was rejected by this Court in *Spears* v. *James, supra*. Within one month following the decision of this Court in that case, Mrs. Spears caused the writ of execution to be issued and levy made upon the very property in which she had claimed, unsuccessfully, a dower interest.

The property is located in Pontiac, on Murray street. No testimony whatever was offered in the chancery action regarding its value, although such value was alleged by plaintiff's bill of complaint to be worth $6,000 and by defendant's amended answer to be worth $4,500. In the hearing held on the motion to quash the levy in the will contest action, however, plaintiff testified the cash value of the house was then (1951) about $4,500. Plaintiff relies heavily upon the fact that the $165.84 paid by Mrs. Spears at the sheriff's sale was substantially below the value of the property. No claim is made by plaintiff that the levy and subsequent sale were not procedurally regular. Instead, he claims that under the peculiar facts of this case Mrs. Spears should have given him personal notice of the events leading up to the loss of his property by levy and sale, and that had she done so, he would have paid the taxed costs before levy or he would have redeemed from the sheriff's sale.

The trial chancellor ruled that plaintiff's bill of complaint should be dismissed because plaintiff failed to show that Mrs. Spears committed or prac-

ticed any fraud upon plaintiff in connection with the statutory proceedings to collect her costs taxed in the will contest case. According to our practice, we proceed to review *de novo,* on the whole record to determine whether or not plaintiff is entitled to the relief he seeks.

In the will contest case, plaintiff was originally represented by an attorney, who also was his nephew. Following the taxation of costs against plaintiff in that case, his attorney was disbarred on October 28, 1946. Defendant's attorney requested plaintiff to advise him of the name and address of another attorney to be substituted in the place of the disbarred attorney. An examination of the original record in the will contest case discloses that Mr. Hampton, Dewey Spears' present attorney, first appeared in that case in January of 1951, but testimony offered below discloses that Mrs. Spears knew that Mr. Hampton was representing her brother-in-law at least as early as November 19, 1948 (long before the expiration of the redemption period), on which date Mr. Hampton paid her approximately $900 in plaintiff's behalf in settlement of a mortgage transaction not otherwise material herein. During her dealings with Mr. Hampton, Mrs. Spears said nothing to him about the purchase of plaintiff's property at the sheriff's sale. Notwithstanding that testimony in the record below, the trial chancellor said in his opinion, "the plaintiff Dewey Spears has only himself to blame for his present predicament for refusing to be represented by anyone other than his kinsman and friend," the disbarred lawyer. We can find nothing in the record before us which supports this finding of the trial court, the importance of which finding to the decision below is reflected in the following statements from the trial court's opinion:

"Due to family strife and bitterness incidental to litigation no opportunity presented itself for the parties to discuss and adjust their differences on a friendly basis. Due to the fact that plaintiff herein insisted upon being represented by (his disbarred attorney), defendant was entirely justified in dealing in a most precise and technically correct fashion with the plaintiff and then only through her attorney. * * *

"In other words, it is the feeling of this court that the plaintiff is not in a position in a court of equity to predicate the relief which he seeks upon his own stubborness and upon his own refusal to recognize this court's order of disbarment of his attorney."

The record discloses that Mrs. Spears encountered plaintiff, fortuitously, on the same date she received the above-described mortgage payment from Mr. Hampton, but said nothing to him either about her purchase of his property at the sheriff's sale or about the impending expiration of his redemption period. The record is silent concerning other encounters between the parties, but Mrs. Spears knew where plaintiff lived and she knew his attorney. She lived next door to plaintiff's property which she seeks thus to acquire, other attempts having failed. But Mrs. Spears stood silently by, without making any demand upon plaintiff or giving any actual notice to him, and permitted him to pay $114.79 in taxes upon the property after the date of levy, $65.91 of which he paid after the date of sale, and to pay $57.50 for a new hot water heater, furnace grates and paint for the house located on the property.

Her silence, under these circumstances, becomes even more significant when there is added to this recitation the fact that plaintiff's property had long been occupied by a rent-paying tenant, which fact Mrs. Spears knew, her own residence adjoining the property here involved. The tenant paid plaintiff

$30 per month in rent. He paid the same rent during Mrs. Spears' husband's lifetime and, on 1 or 2 occasions during the husband's lifetime, paid the rent to Mrs. Spears herself in her husband's absence. Her judgment for costs against plaintiff was in the sum of $118.50. She knew that plaintiff collected at least $30 per month from his tenant for rental of the premises. Four garnishment proceedings against the tenant, 5 at the most, would have provided sufficient funds to satisfy her claim against plaintiff, including any additional costs. But, Mrs. Spears chose the course of inaction, as well as of silence.

The only question to be decided in this case is: Shall one in whose favor costs have been taxed for the collection of which a writ of execution has been issued, levy made upon real property of the debtor, and sheriff's sale thereof held, be permitted to bid in said property for a shockingly inadequate price without requiring more than just a technically correct compliance with the procedural requirements of the statutory* provisions for sale of real estate on execution? We think not where circumstances, such as recited herein, disclose unfairness bordering, at the very least, on fraud.

A very similar factual situation can be found in the reports of the supreme court of Washington, *Lovejoy* v. *Americus,* 111 Wash 571 (191 P 790), cited with approval in *Greenberg* v. *Kaplan,* 277 Mich 1. Defendant attempts to distinguish *Lovejoy* v. *Americus* on the ground that the trial chancellor here found that plaintiff knew of the levy prior to the expiration of the redemption period. A very careful reading of the record presented to this Court fails to disclose any evidence whatever that plaintiff had such prior knowledge. As a matter of fact, the

---

* CL 1948, § 623.85 *et seq.* (Stat Ann § 27.1584 *et seq.*).

only evidence disclosed by the record is directly to the contrary. He had no knowledge of the writ of execution, levy or sale until after the expiration of the redemption period, and we so find, this review being *de novo,* as previously stated. The similarity between the facts in *Lovejoy* v. *Americus, supra,* and the facts of the case at bar, can best be shown by the following statement from the opinion of the Washington court (pp 574, 575):

"After the issuance of the execution, followed by the sheriff's sale, and while the rights of respondents were passing away by the lapse of time into the hands of appellant Americus, the continuous dunning theretofore engaged in was changed into an apparently wary and crafty silence, highly calculated to, and actually succeeded in, lulling the respondents into a sense of security until the year for redemption passed by. *Graffam* v. *Burgess,* 117 US 180 (6 S Ct 686, 29 L ed 839). The judgment, with interest and costs, could have been satisfied, prior to the execution, by garnishment proceedings against the tenant of respondents for less than 5 months' rental, while during the period of redemption from the sheriff's sale the amount of the judgment, interest, and costs, and increased costs, of $87.92, could have been satisfied by less than 6 months' rental from the same tenant."

The conclusion of the Washington court is likewise peculiarly applicable here:

"The obviously studied course of the judgment creditor in refusing or failing to pursue those plain, simple, and adequate ways to collect, constitute in part that unfairness which, coupled with the shockingly inadequate price for which they purchased at the execution sale, fully warranted respondents in their appeal to a court of equity for relief."

For similar rulings on similar facts by other courts, see *Graffam* v. *Burgess,* 117 US 180 (6 S Ct

686, 29 L ed 839), and *Pender* v. *Dowse,* 1 Utah 2d 283 (265 P2d 644, 42 ALR2d 1078).

The relief sought by plaintiff from this Court of chancery is an additional period of redemption, his statutory right of redemption having been denied him by defendant's unfair conduct. This relief he shall have. The decree of the circuit court dismissing plaintiff's bill of complaint is reversed and the case remanded for entry of a decree granting plaintiff the right to redeem within 1 year from the entry of said decree.

In light of the foregoing disposition of the chancery action, the order of the circuit court denying plaintiff's motion to quash the levy in the will contest action is affirmed.

Costs to appellant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH JJ., concurred.