MOSS *v.* TOROSIAN.

1. APPEAL AND ERROR—MECHANICS' LIEN FORECLOSURES—FINDINGS OF FACT.

The Supreme Court reviews *de novo,* as in a general chancery appeal, determinations involving mechanics' lien foreclosures, hence, the evidence must be examined and determination made as to whether findings of fact should be made that are different from those of the court below (CL 1948, § 570.27).

2. MECHANICS' LIENS — FINDINGS OF FACT — EVIDENCE — MAXIMUM PRICE—WORKMANSHIP.

Findings of fact in mechanics' lien foreclosure proceeding that there was no maximum price on roof repair job undertaken

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 815.
[2] 3 Am Jur, Appeal and Error §§ 817, 895.

by plaintiff at defendants' request, that there was no poor workmanship by plaintiff necessitating additional repair work, and that a balance was due plaintiff, having been substantiated by the record, are not disturbed, where the trial judge heard the witnesses and was able to observe their demeanor and comportment as they gave their conflicting testimony.

Appeal from Wayne; Culehan (Miles N.), J. Submitted April 20, 1960. (Docket No. 63, Calendar No. 48,121.) Decided September 15, 1960.

Bill by Calvin Moss, doing business as Master Repair Service, against Edward Torosian and others to foreclose mechanic's lien. Cross bill for sums claimed necessary to make repairs. Decree for plaintiff. Defendants appeal. Affirmed.

*Ernest Levin,* for plaintiff.

*Porritt & Louisell,* for defendants.

Souris, J. This case involves the foreclosure of a mechanic's lien. Plaintiff claims he was given a "time and material" agreement to do roof repair work for the defendants. He alleges having done the work and having expended a total of approximately $30,000. He has submitted invoices and workmen's time sheets, and claims there is still a balance due of approximately $15,000. Defendants admit the time and material agreement, but claim that there was a maximum set therein at $15,000 total. They also filed a cross bill asking damages in the amount of $8,000, claiming plaintiff's faulty repair work necessitated hiring, and paying that amount to, another roofer. Plaintiff asserts that leaks in the roofs after his repair work was completed were caused by defendants' sandblasting the ceilings immediately beneath the roofs and by welders who, while making

other repairs, permitted heavy pipes and other equipment to fall on the roofs.

The following stipulation is found in the record:

"It is stipulated between the respective parties by their respective counsel that the plaintiff prepared invoices covering labor and material furnished the defendants in the aggregate amount of $27,690. That in addition thereto there was a separate contract for repair to a chimney in the amount of $4,000, as to which the plaintiff submitted no invoice or statement. It is further stipulated that the plaintiff has received from the defendant, by check or by cash, a sum in the amount of $19,247.89. It is further stipulated that the payment of $19,247.89 was applied against the invoices submitted and the $4,000 contract price for repair of the chimney. There remains in dispute and unresolved whether or not certain loans claimed by plaintiff to have been made to defendant were in fact loans or did in fact take place."

The lower court decree authorized foreclosure of the mechanic's lien in the amount of $13,964.27, plus interest from completion of plaintiff's work.

The sole question for review as presented by the appellants is:

"Was the decree foreclosing a mechanic's lien in the amount of more than $15,000, including interest, and dismissing the cross bill of complaint, contrary to the just rights of the defendants?"

Such a question presents 2 factual determinations of the lower court for review by this Court: (1) that there was no $15,000 maximum in the "time and material" agreement, and (2) that the additional repair work performed for defendants by another roofer was not necessitated by the plaintiff's incompetence.

By statutory provision, this Court reviews *de novo,* as in a general chancery appeal, determinations involving mechanic's lien foreclosures. CL 1948,

§ 570.27 (Stat Ann 1953 Rev § 26.307). Thus the evidence must be re-examined, and we may determine that findings of fact different from those of the court below are warranted. *Oliver* v. *Baldwin,* 201 Mich 336, 360; *In re Spears Estate,* 359 Mich 90.

On the basis of the record presented to us, if we find plaintiff's testimony to be credible, it substantiates his claims and repudiates the cross claim of the defendants. If we believe the defendants, however, the reverse is true. Hence it is clear that the entire controversy was resolved by the trial court on the basis of the credibility of the witnesses. It is apparent from the decree that the trial judge believed the plaintiff. He believed that there was in fact *no* maximum in the "time and material agreement", that there was in fact *no* poor workmanship by the plaintiff necessitating additional repair work, and that there was a balance due the plaintiff of $13,694.27, plus interest. Findings of fact in a chancery proceeding are given weighty consideration on appeal. *City of Madison Heights* v. *Manto,* 359 Mich 244. When the issues turn upon the credibility of witnesses in this type of proceeding, this Court is inclined to afford high regard to the findings of the trial judge who heard the witnesses and was able to observe their demeanor and comportment when the testimony was given. *Andrew C. Sisman Co.* v. *Miller,* 215 Mich 425, 431.

Our examination of the record discloses that the evidence supports the findings of the court below.

The decree should be affirmed. Costs to plaintiff.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Kavanagh, JJ., concurred.