[No. 5552–3–III.   Division Three.   June 5, 1984.]

COLUMBIA BANK, N.A., *Respondent*, v. NEW CASCADIA
CORPORATION, ET AL, *Defendants,* WILLARD
E. MATHESON, ET AL, *Appellants.*

*David E. Williams* and *Critchlow & Williams,* for appellants.

*Francois X. Forgette* and *Raekes, Rettig, Osborne & Forgette,* for respondent.

THOMPSON, J.—Dr. Willard E. Matheson[1] appeals a judgment against him based on a guaranty of a defaulted loan.

In May 1979, Dr. Matheson and others signed a contract in favor of Columbia Center National Bank (Columbia) agreeing to guarantee all present and future debts of New Cascadia Corporation. At about the same time, Dr. Matheson, as corporate secretary, and Mr. Rutledge, as president, signed a corporate resolution authorizing loans provided both men signed for them. Dr. Matheson signed for two loans which have since been paid and are not part of this appeal.

On December 13, 1979, Dr. Matheson, Mr. Rutledge and Mr. Lyon executed a new corporate resolution authorizing loans. That resolution required the signature of any two of the three signators. The next day, December 14, 1979, Columbia Bank loaned $15,000 to New Cascadia. Mr. Rutledge and Mr. Lyon signed the note; Dr. Matheson did not sign and claimed he did not know about the loan.

Columbia Bank extended the due date for the loan in January, February, and March of 1980, without notice to or consent of Dr. Matheson. The loan was never repaid. In August 1980, Peoples Bank succeeded to the interests of Columbia Bank and brought suit against New Cascadia and all but one guarantor. A default judgment was entered against all the defendants except Dr. Matheson. He unsuccessfully contested liability and now appeals. We affirm.

Dr. Matheson first contends he should not be liable as guarantor because there was a change in the character of the borrower due to his departure. Ordinarily, a surety who guarantees the debts of a business will not be liable for debts incurred after a change in the firm. *Lumbermans Bank & Trust Co. v. Sevier,* 149 Wash. 118, 270 P. 291

---

[1]Dr. Matheson's wife is referred to only as Jane Doe Matheson. For ease of reference, we will treat Dr. Matheson as the sole appellant.

(1928) (change of partners); *Tupper v. Hartman,* 121 Wash. 142, 208 P. 1103 (1922) (substitution of widow for estate of borrower); *Spokane Union Stockyards Co. v. Maryland Cas. Co.,* 105 Wash. 306, 178 P. 3 (1919); *see also* 38 C.J.S. *Guaranty* § 71, at 1232 (1943).

All parties agree the corporation changed *after* Dr. Matheson departed. However, the court's determination Dr. Matheson was still an officer in the corporation at the time the loan was made is supported by the evidence. For example, the second loan resolution, signed the day before the loan was made, showed Dr. Matheson as secretary–treasurer.

Furthermore, Dr. Matheson was a willing participant in the corporate change. The guarantor's participation in the change of structure of a commercial enterprise, subsequent to the execution of a guaranty, is viewed as a persuasive reason to conclude that the guarantor's liability is not released by the change. Annot., *Change in Name, Location, Composition, or Structure of Obligor Commercial Enterprise Subsequent to Execution of Guaranty or Surety Agreement as Affecting Liability of Guarantor or Surety to the Obligee,* 69 A.L.R.3d 567, 579 (1976).

Next, Dr. Matheson argues he was released from liability because the bank extended the loan's due date three times without his consent. Generally, if a creditor, by binding contract with the principal debtor, extends the time of payment without the guarantor's consent, he thereby discharges the guarantor. *Lincoln v. Transamerica Inv. Corp.,* 89 Wn.2d 571, 574, 573 P.2d 1316 (1978); *Old Nat'l Bank v. Seattle Smashers Corp.,* 36 Wn. App. 688, 676 P.2d 1034 (1984); *Nord v. Phipps,* 18 Wn. App. 262, 566 P.2d 1294 (1977). However, a guarantor is not discharged if he consents to the extension. *Lincoln,* at 574; *Old Nat'l Bank,* at 691. Here, the guaranty plainly provides the bank may grant extensions without the consent of the guarantors. Therefore, although Dr. Matheson did not specifically consent to this extension, he released the bank from the obligation of seeking his consent.

■ Dr. Matheson also contends he was relieved of liability because the bank released a coguarantor without his consent. Usually, the release of one coguarantor without the consent of the other discharges the liability of all. *Blewett v. Bash,* 22 Wash. 536, 542, 61 P. 770 (1900); *see also* 38 C.J.S. *Guaranty* § 82, at 1251. However, again Dr. Matheson is bound by the terms of the guaranty which permit the bank to release one guarantor without releasing all.

■ Finally, Dr. Matheson suggests the court should have found the guaranty was an "adhesion" contract. He complains he did not read or understand the fine print. Absent fraud, deceit, or coercion, this is not an adequate defense. *National Bank v. Equity Investors,* 81 Wn.2d 886, 506 P.2d 20 (1973). Although this state has recognized the doctrine of unconscionability as it relates to disclaimers of warranty and exclusion of remedies, *Berg v. Stromme,* 79 Wn.2d 184, 484 P.2d 380 (1971); *Schroeder v. Fageol Motors, Inc.,* 86 Wn.2d 256, 544 P.2d 20 (1975), we see nothing unconscionable about enforcing this agreement. Dr. Matheson was described as a good businessman and was in fact a director of Columbia Bank. In sum, he is bound by the terms of his guaranty.

Peoples Bank has requested attorney fees and costs pursuant to the terms of the guaranty. Having complied with the terms of RAP 18.1, it is awarded $3,585 in attorney fees and $302.10 costs. The request for postjudgment costs of collection is denied.

The judgment of the trial court is affirmed.

MUNSON, C.J., and GREEN, J., concur.

Reconsideration denied June 25, 1984.

Review denied by Supreme Court September 21, 1984.